FILED                    -PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2007 SEP -7  PM 12: 26

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

ANGAMUTHU GOUNDER PALANIAPPAN,

Plaintiff,

                                                    DECISION AND ORDER
-v-                                                 07-CV-0226A

MELMARUVATHUR ADHIPARASAKTHI CHARITABLE
MEDICAL EDUCATIONAL AND CULTURAL TRUST,
MELMARUVATHUR BANGARU ADIGALAR,

Defendants.

## INTRODUCTION

Plaintiff Angamuthu Gounder Palaniappan has filed this *pro se* action and has requested

permission to proceed *in forma pauperis* (Docket No. 2).  Plaintiff claims that the defendants, an

Indian spiritual organization and its leader, indirectly caused various economic and emotional

injuries to him, by encouraging others to commit tortious acts.  For the reasons discussed below,

plaintiff's request to proceed as a poor person is granted and the complaint is dismissed for lack of

subject matter jurisdiction.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) with respect

to this action, plaintiff is granted permission to proceed *in forma pauperis*.  Section

1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma*

*pauperis* status has been granted if the Court determines that the action (i)

is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief.

In evaluating the complaint, the Court must accept as true all factual allegations and must

draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).

Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41,

45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights

violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701

(2d Cir. 1998).


A. Plaintiff's Allegations

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading shall contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." The

directions attached to the federal civil complaint form that plaintiff completed further suggest

that legal jargon should be avoided in favor of a simple telling of the alleged facts. Despite these

instructions, plaintiff has submitted a repetitious and conclusory complaint that is full of misused

legal jargon, or "legalese."

In an apparent attempt to convince the Court that his alleged injuries are legally

cognizable, plaintiff unnecessarily inserts legal jargon at every turn. The resulting strings of legal

or pseudo-legal terminology do not help this Court identify the legal claims being presented. In

fact, such language has only made it all the more difficult to distinguish any claims that are

supported by the alleged facts from amidst the unsubstantiated jargon. A claim is not established

merely by use of "legal conclusions masquerading as fact[s]." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (internal citation and quotation marks omitted). Nor can the merger of a legal word and a fact create a new category of claims where one did not exist before. American jurisprudence simply does not recognize concepts such as "tortful oracles" (Complaint at 5) or a "tortful psychic utterance" (Complaint at 7).

"When considering the sufficiency of a pro se complaint, we 'must construe it liberally, applying less stringent standards than when a plaintiff is represented by counsel.'" *Branham v. Meachum*, 77 F.3d 626, 628-29 (2d Cir. 1996) (quoting *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983)). The allegations of the complaint are closely intertwined with those of a second case plaintiff has filed before this Court, in which he seeks relief against his first ex-wife, her extended family, and others who allegedly conspired against him in a plot to separate him from his daughter and destroy him economically and emotionally.[1] In the instant complaint, plaintiff alleges that the named defendants, a cultural trust located in Tamil Nadu, India, and the spiritual leader of that group, encouraged the tortious conduct of the others.

According to the complaint, defendant Melmaruvathur Adhiparasakthi Charitable Medical Educational and Cultural Trust ("the Trust") offers various spiritual services through its temple in the state of Tamil Nadu, India. Among these services are the prophetic pronouncements of defendant Melmaruvathur Bangaru Adigalar, a visionary whom the faithful believe speaks for the goddess Suyambu Annai Adhiparasakthi herself. Plaintiff's ex-wife was a devoted patron of the temple, and frequently sought the counsel of defendant, both before and throughout the course of their marriage. Plaintiff now claims that the Trust and its leader were

---

[1] That case, *Palaniappan v. Angamuthu*, 07-CV-0176A, is still pending.

3

motivated by nothing more than greed, and that the advice given to his former wife led to the

alleged offenses committed against him, both by active encouragement and by providing an

environment of spiritual security in which the conspirators felt safe to act.  He seeks damages of

$75,333,000, plus costs.


B. Subject Matter Jurisdiction

The basis for the subject matter jurisdiction of the federal district courts is limited and is

set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, a district court's subject

matter jurisdiction may be exercised only when a "federal question" is presented, or when the

plaintiff and the defendant are of diverse citizenship and the amount in controversy exceeds the

sum or value of $75,000.00.  *Gray v. Internal Affairs Bureau*, 292 F. Supp. 2d 475, 476

(S.D.N.Y. 2003).

Section 1332(a) of 28 U.S.C. provides:

> The district courts shall have original jurisdiction of all civil
> actions where the matter in controversy exceeds the sum or value
> of $75,000 . . . and is between –
>
> (1) Citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a
> foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as
> plaintiff and citizens of a State or of different States.

"It is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal citations omitted). Moreover, "[w]here jurisdiction is lacking, . . . dismissal is mandatory." *Id.*; *see also* Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

Plaintiff does not specifically set forth the basis of this Court's jurisdiction. Construing the complaint liberally, as it must, the Court presumes that diversity of citizenship is the purported basis. At first glance, plaintiff's suit appears to involve exclusively "citizens" of India. Section 1332(a) does not confer jurisdiction on this Court for suits between citizens of a foreign state and other citizens of a foreign state. *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). Thus, only if one of the parties is, for purposes of jurisdiction, a citizen of a "State," can this Court adjudicate this matter.

Plaintiff asserts that he acquired American citizenship in 2000. However, "[an] individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). Plaintiff left the United States for India in February 2003, over four years ago. His application for *in forma pauperis* status indicates that he owns a house and a farm in Pollachi, India (Docket No. 2). While he speaks of a general desire to return to the United States someday, he presents no concrete plans or evidence that he has the means to do so. In fact, in a letter

5

addressed to the Court dated March 24, 2007, he requests that this Court purchase him a plane ticket so that he may pursue his suits in person, because he cannot do so himself. The Court can only conclude that plaintiff is domiciled in Pollachi, India and that, for purposes of jurisdiction, he is either a citizen of that foreign state or "stateless." *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

As to defendant Melmaruvathur Bangaru Adigalar, plaintiff has provided an address in the state of Tamil Nadu, India. The temple at which defendant prophesies is likewise located there. There is no assertion that he has ever set foot in the United States, much less that he resides here. On this basis, the Court must conclude that he too is a citizen of India.

The final party who's citizenship must be considered is the "Trust," the legal status of which is far from clear. Section 1332 does not specifically provide for the citizenship of trusts, as it does for corporations in 1332(c). Nevertheless, whatever legal status the Trust does possess, it possesses under the laws of India. The temple connected to its spiritual services is located in that country. Its spiritual leader is domiciled there. Its charitable activities are centered there. This Court cannot see how the Trust, if it is the type of entity that can be considered to be a "citizen," could be anything other than a citizen of India. Therefore, as none of the parties are, for purposes of jurisdiction, citizens of a "State," diversity does not exist and this complaint must be dismissed for lack of subject matter jurisdiction. *See Lunney v. United States*, 319 F.3d 550, 554 (2d Cir.2003) (Plaintiffs have the burden of establishing that subject matter jurisdiction exists.)

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a).  Accordingly,

plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above,

the complaint is dismissed for lack of subject matter jurisdiction.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this

Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor

person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed

on appeal as a poor person should be directed, on motion, to the United States Court of Appeals

for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is

granted;

FURTHER, that the complaint is dismissed; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: September 5, 2007
Rochester, New York

7